Per Curiam.

No exception was taken to the Judge’s charge by defendant, nor did it make any request by way of clarification or elaboration thereof. While the charge could have been more specifically directed to the unusual situation presented in the case, the court below did put before the jury the fundamental issues involved. The jury was plainly instructed that in order for plaintiff to recover, the burden was upon him to prove that the accident ‘ ‘ was caused solely and wholly by reason of the negligence of the defendant ”; that it was the motorman’s fault that the accident occurred; that the motorman failed to use reasonable care to avoid it; and specifically, that the accident was not caused by skidding over wet tracks.
On the subject of contributory negligence, the court charged: “ The plaintiff must further prove that the accident in which it was claimed he was injured was not brought about or contributed to by any negligence, however slight, on his part. For if the plaintiff was guilty of contributory negligence even to the slightest degree, he cannot recover and your verdict must be for the defendant.” The court went on to say: “ I charge you that the fundamental principle of conduct is that of reasonable care and accommodation, measured by the immediate circumstances of each case * *
“ In considering the question of negligence and contributory negligence in this case,” the court instructed the jury, “ you may take into consideration an ordinance of the City of New York which, in substance and effect, prohibits anyone from so-called hitching on the back of vehicles. While this violation of an ordinance does not in and of itself constitute negligence, it may be considered as some evidence pf negligence, provided *84 you find from all the evidence that the violation had some connection, or was reasonably related, to the happening of the accident. ’ ’
As heretofore stated, defendant could have required an elaboration of this charge, but did not see fit to do so. The. testimony is clear. The boy, at the outset, unlawfully hitched onto the back of a trolley car. The motorman of an approaching trolley car saw him there. He could have stopped his car in ample time to enable the boy to descend to a place of safety.This the motorman failed to do but, on the contrary, carelessly, as the jury found, ran right into the boy. Whatever the prior carelessness of the boy may have been, the jury, when it decided in favor of plaintiff, under the Judge’s charge, necessarily did find that when the accident occurred it was due entirely to the fault of the motorman. That finding is amply supported by the evidence. The verdict, therefore, should be allowed to stand, and the judgment below affirmed.